UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY BETHEA<br><br>                             *Plaintiff,*<br><br>-- against --<br><br>KEVIN D. CULLEN<br>CULLEN & ASSOCS. P.C.<br><br>                             *Defendants* | Civil Action No. 17-CV-09937(JGK)<br><br>ECF Case<br><br>**SETTLEMENT AGREEMENT** |

       **WHEREAS**, Maria Bethea (hereafter "Plaintiff") commenced this action against Kevin D. Cullen and Cullen & Assocs., P.C. (hereafter "Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the New York Consumer Protection Act, and New York's Judiciary Law §487;

       **WHEREAS**, the parties are interested in resolving the issues alleged in the Complaint in this action, and have negotiated in good faith for that purpose;

       **WHEREAS**, the parties acknowledge that the mutual promises set forth herein are ample consideration for entering into this agreement (the "Settlement Agreement")

       **WHEREAS**, by entering into this Settlement Agreement no party is making any admissions as to the merits of the underlying action nor shall this agreement be deemed a waiver of any party's rights except to the extent set forth herein;

       **IT IS HEREBY STIPULATED AND AGREED** by and between the parties as follows:

1. **Settlement Payment**

    A. Defendants agree to pay and Plaintiff agrees to accept the sum of fifteen thousand dollars ($15,000.00) (hereafter "Settlement Amount") in full satisfaction of all claims in this action, including attorney's fees and costs.

    B. The Settlement Amount shall be paid as follows: $8000.00 shall be paid on or before April 1, 2018, and $7000.00 shall be paid on or before June 15, 2018.

    C. Payments shall be made by certified check, bank check or attorney's check made out to Manhattan Legal Services, Inc. and sent to Mary McCune, Manhattan Legal Services, Inc., 1 W. 125th St., 2nd Fl., New York, NY 10027.

2. **Dismissal of Claims and Releases**

    A. In consideration of and conditioned upon, payment by Defendants of the settlement amount, Plaintiff will file the attached Stipulation of Dismissal.

    B. The parties hereby appear and consent to the jurisdiction of the United States District Court for the Southern District of New York.

    C. This Court shall retain jurisdiction to determine any disputes arising from or related to this Settlement Agreement.

    D. In consideration of, and conditioned upon, payment by Defendants of the Settlement Amount, Plaintiff hereby releases and forever discharges Defendants, their shareholders, attorneys, employees, associates, partners, members, successors, affiliates and assigns from any and all claims, liabilities, obligations, costs and expenses which Plaintiff has against Defendants arising out of or related to the matters asserted in this action.

    E.    Defendant hereby releases and discharges Plaintiffs from, and further covenant and agree that it will not institute, cause to be instituted, or continue, any claims against Plaintiffs that are related to matters asserted in this action that are otherwise barred by law.

    F.    The parties agree that the claims being released are those, known or unknown, anticipated or unanticipated, which the parties had, may have, or may hereafter have or claim, that are based upon, connected with, arising out of or related to the facts, matters or circumstances of this action, and all and only such claims are hereby released and discharged.

3. **Practices**

Defendants shall implement the following practices within 30 days of the execution of this Settlement Agreement and use them with respect to Defendants' representation of any plaintiff or petitioner in any court proceeding relating to collection of unpaid rent from a residential tenant.

    a.  When the defendant is the counsel of record, Defendant will make a reasonable investigation under the circumstances to ensure that any debt it seeks to collect is not attributable to any portion of rent paid by a government benefit such as the Housing Choice Voucher program known as Section 8 ("Section 8"), Disability Rent Increase Exemption ("DRIE"), Senior Citizen Rent Increase Exemption ("SCRIE") or similar benefit. This investigation shall include a review of the files maintained in the Defendant's office of any past court cases between the parties related to the tenancy. An investigation will be considered reasonable if it complies with the legal standard applied by courts in determining whether a debt

collector has exercised due diligence under the FDCPA in effect at the time the investigation took place.

b. When defendants' representation commences after the court proceeding has been filed, the reasonable investigation shall include a review of the available court file or any other documents related to the debt which are reasonably available to defendant.

c. If, after an investigation that is reasonable under the circumstances, defendants determine that any part of the debt is not in fact owed by the tenant because it consists of the portion of the rent paid by a government benefit such as Section 8, SCRIE or DRIE, defendants shall cease all efforts to collect the portion of the debt that is not owed by the tenant.

d. When defendants ascertain that any rent arrears consist of the portion of the rent payable through a Section 8 voucher administered by New York City Housing Authority ("NYCHA"), defendants will inform its client that the *Williams v. New York City Housing Authority, et. al.*, 81 Civ. 1801 (S.D.N.. 1995) *("Williams*Consent Decree) applies to the court proceeding and of the steps necessary to bring the proceeding or action in compliance with *Williams Consent Decree* and in the event that the case cannot be brought in compliance, discontinue the case as to any Section 8 arrears.

e. If defendants ascertain that any rent arrears consist of the portion of the rent payable through a Section 8 voucher administered by New York City Department of Housing Preservation and Development ("HPD"), defendants will inform its client of Section 8 regulations and the steps necessary to bring the proceeding or

action in compliance with them, and in the event the case cannot be brought into compliance, discontinue the case as to any Section 8 arrears.

 f. Defendants agree to take appropriate measures to comply with the FDCPA whenever it acts as a debt collector as defined by the act in any court proceeding related to collection of unpaid rent from a residential tenant.

 g. The Defendant shall not be deemed to be in violation of any provision set forth herein provided upon 5 days written notice to Defendant the alleged breach or deficiency is cured.

4. **No Admission of Liability**

The parties understand and agree that this Settlement Agreement is a compromise of actual and possible disputes related to matters asserted in this action and is not to be construed as an admission of liability on the part of any party.

5. **Consultation with Counsel**

All parties represent and acknowledge that they fully understand their right to discuss any and all aspects of this Settlement Agreement with legal counsel of their own choosing; that to the extent, if any, that they desire they have availed themselves of this right; that they have carefully read and fully understand all the provisions of this Settlement Agreement.

6. **Joint Preparation**

This Settlement Agreement has been prepared jointly by counsel for all parties, with a full opportunity for all parties to negotiate its terms. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this agreement against the party that drafted it is not applicable and is hereby waived.

7.  **Severability**

The provisions of this Settlement Agreement are severable, and if any provision of this Settlement Agreement is found to be invalid or unenforceable, then such provision shall be deemed to be deleted only to the extent it is found invalid or unenforceable and the parties agree to reform this Settlement Agreement so that all parties may have the benefit of its bargain as intended hereby to the fullest lawful extent. Such invalid or unenforceable provision shall not affect the validity of the remainder of this Settlement Agreement, and the remaining provisions shall continue in full force and effect.

8.  **Entire Agreement**

This Settlement Agreement sets forth the entire agreement entered into by the parties, and any other prior understandings or agreements with respect to the allegations in this proceeding are incorporated herein.

9.  **Modification**

This Settlement Agreement cannot be modified, changed or amended, except in a writing signed by all parties.

10. **Applicable Law**

This Settlement Agreement shall be interpreted and enforced pursuant to the laws of the State of New York without regard to conflicts of law principles.

13, **Execution**

This Settlement Agreement may be executed by email or facsimile and in counterparts, which, when taken together, shall be deemed an original.

Dated: New York, NY
       March 27, 2018

*Mary McCune*
MANHATTAN LEGAL SERVICES, INC.
*Attorney for Plaintiff*
By Mary McCune, of Counsel
1 W. 125th St., 2nd Fl.
New York, NY 10027
646-442-3143
mmccune@lsnyc.org

KEVIN D. CULLEN
2 Rector St., Suite 906
New York, NY 10006

CULLEN & ASSOCIATES, P.C.
By *Kevin D. Cullen*
2 Rector St. Suite 906
New York, NY 10006